## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

IN RE:

**AMBER GABRIELLE MCMILLAN**                              **NO. 26-51147 KMS**

## MOTION TO APPROVE AGREEMENT RELATING TO
## RELIEF FROM THE AUTOMATIC STAY

Comes now Gulf Coast Community Federal Credit Union (hereinafter "Gulf Coast"), by and through its counsel of record, Byrd & Wiser, and files this its Motion to Approve Agreement relating to Relief from Automatic Stay, and in support of same would show unto the Court the following, to-wit:

I

This Court has jurisdiction over the parties and the subject matter pursuant to 28 USC Section 1334. This Motion is a core proceeding pursuant to 28 USC Section 157(b)(2)(A),(G).

II

The instant case is a proceeding pursuant to Chapter 7 of the Bankruptcy Code.

III

Gulf Coast is owed approximately $2,384.50 that is secured by a pledge of the Debtor's share account with a balance of like amount, all as more fully set forth on Exhibit "A" attached hereto.

IV

Gulf Coast and Debtor have reached an agreement providing for, <u>inter alia</u>, relief from the automatic stay provisions of Section 362 as to the Movant, Gulf Coast. A copy of the agreement, reflected in the form of an Agreed Order, is attached hereto as Exhibit "B".

V

Pursuant to Rule 9014(b) and 7004(b)(9) of the Federal Rules of Bankruptcy Procedure, this Motion to Approve is served upon all necessary parties, and all necessary parties have approved the Agreement in the form of the Agreed Order attached hereto.

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029

WHEREFORE, premises considered, the Movant herein, would pray that this Court enter its Order granting Movant's Motion to Approve Agreement by approving and entering the Agreed Order attached hereto, and the Movant prays for such other and further relief as is just and proper in the premises.

Respectfully submitted,

GULF COAST COMMUNITY FEDERAL CREDIT UNION

BY: BYRD & WISER

BY: _____
ROBERT ALAN BYRD, MSB#7651
EMAIL: rab@byrdwiser.com

## CERTIFICATE

I, ROBERT ALAN BYRD, Attorney for Gulf Coast Community Federal Credit Union, do hereby certify that I have this date transmitted via Electronic Case Filing, as it appears on this date in the court registered e-filers of CM/ECF and/or via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing Motion to Approve Agreement relating to Relief from Automatic Stay to the following:

Thomas C. Rollins, Jr., Attorney for Debtor, at **trollins@therollinsfirm.com**

Zachary S. Wessler, Sr., Trustee, at **7trustee@lentzlittle.com**

Office of the U.S. Trustee, at **USTPRegion05.JA.ECF@usdoj.gov**

This the 13ᵗʰ day of August, 2026.

_____
ROBERT ALAN BYRD

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029



12364 Highway 49
Gulfport, MS 39503
(228) 539-7029 (Harrison)
(866) 539-7029 (Hancock)
Fax: (228) 701-9310
www.gulfcoastcommunityfcu.org

| Save | Print | Reset Form |

# Loan and Security Agreements
# and Disclosure Statement

☐ Covered Borrower Under Military Lending Act

| ☒ FIXED RATE | ☐ STEP RATE | LOAN DATE | ACCOUNT NUMBER | LOAN NUMBER | MATURITY DATE |
|---|---|---|---|---|---|
| ☐ VARIABLE RATE | | Apr 20, 2026 | | 7500 | 02/08/2028 |

| BORROWER 1 (Name & Address) | BORROWER 2 (Name & Address) |
|---|---|
| AMBER G MCMILLAN<br>641 26TH 1/2 ST<br>GULFPORT MS 39501-5402 | |

| BORROWER 3 (Name & Address) | BORROWER 4 (Name & Address) |
|---|---|
| | |

## TRUTH IN LENDING DISCLOSURE ('e' means an estimate)

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost You. | Amount Financed<br>The amount of credit provided to You or on Your behalf. | Total of Payments<br>The amount You will have paid after You have made all payments as scheduled. | Total Sale Price<br>The total cost of Your purchase on credit is $<br>which includes Your downpayment of $ |
|---|---|---|---|---|
| 18.000 % | $ 424.64 | $ 2,500.00 | $ 3,059.05 | $ . |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | | When Payments Are Due |
|---|---|---|---|
| 47 | $ 65.00 | Bi-Weekly | Beginning  Apr 21, 2026 |
| 1 | $ 4.05 | | Feb 08, 2028 |

**Prepayment:** If You pay off early You will not have to pay a penalty.
**Required Deposit:** The Annual Percentage Rate does not take into account Your required deposit, if any.
**Demand:** ☐ This obligation has a demand feature.
☐ All disclosures are based on an assumed maturity of one year.

**Property Insurance:** You may obtain property insurance from anyone You want that is acceptable to the Credit Union. If You get the insurance from the Credit Union You will pay $

| Filing Fees | Non-Filing Insurance |
|---|---|
| $ | $ |

**Late Charge:**

I will be charged a late charge on the portion of any payment not paid within 10 days after it is due equal to 10% of the unpaid payment, minimum $10, no maximum.

**Security:** Collateral securing other loans with the Credit Union may also secure this Loan. You are giving a security interest in Your shares and dividends and, if any, Your deposits and interest in the Credit Union; and the Property described below:

| Collateral | Property/Model/Make | Year | I.D. Number | Type | Value | Key Number |
|---|---|---|---|---|---|---|
| | | | | | $ | |
| | | | | | $ | |
| | | | | | $ | |

Other (Describe)
Pledge of Shares $ 1250.00     in Account No. 119877          $ 0.00          in Account No.

**Variable Rate:**

See Your contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date.

**LOANLINER.**
© CUNA Mutual Group 1999, 2000, 01, 02, 03, 04, 06, 08, 2016, 18
All Rights Reserved


EXHIBIT
"A"
Blumberg No. 5118

02300740-NZF01-C-1-120621 (NZF011-E)

| Credit Union | Gulf Coast Community Federal Credit Union | Acct No. | | Loan No. **7500** |
|---|---|---|---|---|

## ITEMIZATION OF THE AMOUNT FINANCED ('e' means an estimate)

| Itemization of Amount Financed of $ 2,500.00 | Amount Given to You Directly $ 2,500.00 | Amount Paid on Your Account $ | Prepaid Finance Charge $ 0.00 |
|---|---|---|---|

Amounts Paid to Others on Your Behalf: (If an amount is marked with an asterisk (*) We will be retaining a portion of the amount.)

| $ 0.00 | To | | $ 0.00 | To |
|---|---|---|---|---|
| $ 0.00 | To | | $ 0.00 | To |
| $ 0.00 | To | * $ 0.00 | To |
| $ 0.00 | To | * $ 0.00 | To |
| $ 0.00 | To | * $ 0.00 | To |
| $ 0.00 | To | * $ 0.00 | To |
| $ 0.00 | To | * $ 0.00 | To |

## MILITARY LENDING ACT DISCLOSURES

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

**Please call us at 1 (866) 539-7029 to receive disclosures orally.**

A "Covered Borrower" for purposes of this loan means a consumer who, at the time the consumer becomes obligated on this loan, is a covered member or a dependent of a covered member as defined by the Military Lending Act. A Covered Borrower does not mean a consumer who (though a Covered Borrower at the time he or she became obligated on this transaction) no longer is a covered member or a dependent of a covered member as defined by the Military Lending Act.

## LOAN AGREEMENT

In this Loan Agreement ("Agreement") all references to "Credit Union", "We", "Our" or "Us" mean the Credit Union whose name appears above and anyone to whom the Credit Union assigns or transfers this Agreement. All references to "You" or "Your" mean each person who signs, or otherwise authenticates, this Agreement as a borrower.

**1. PROMISE TO PAY** - You promise to pay $ 2,500.00 to the Credit Union plus interest on the unpaid balance until what You owe has been repaid.

For **fixed rate** loans, the interest rate is 18.000 % per year.

For **step-rate** loans, the initial interest rate will be \_\_\_\_ % until \_\_\_\_ and then the interest rate will be \_\_\_\_ % until the balance is repaid in full.

For **variable rate** loans, the initial interest rate is \_\_\_\_ % per year and will vary as follows:

**Collection Costs:**

You agree to pay all costs of collecting the amount You owe under this Agreement, including court costs and reasonable attorney fees paid to an individual who is not an employee of the credit union. The attorney fees you pay will not exceed 33 1/3% of the unpaid debt after default.

**2. PAYMENTS** - You promise to make payments of the amount and at the time shown in the Truth in Lending Disclosure. If this is a variable rate loan, the Promise to Pay section tells You whether, if the interest rate increases, You will have to make more payments, higher payments, or if the final payment will be a balloon payment. You may prepay any amount without penalty. If You prepay any part of what You owe, You are still required to make the regularly scheduled payments, unless We have agreed to a change in the payment schedule. Because this is a simple interest loan, if You do not make payments exactly as scheduled, Your final payment may be more or less than the amount of the final payment that is disclosed. If You elect voluntary payment protection, We will either include the premium or program fee(s) in Your payments or extend the term of Your loan. If the term is extended, You will be required to make additional payments of the scheduled amount, until what You owe has been paid. You promise to make all payments to the place We choose. If this loan refinances another loan You have with Us, the other loan will be canceled and refinanced as of the date of this loan. Unless otherwise required by law, payments will be applied to amounts owed in the manner We choose.

**3. LOAN PROCEEDS BY MAIL** - If the proceeds of this loan are mailed to You, interest on this loan begins on the date the loan proceeds are mailed to You.

02300740-NZF01-C-1-120621 (NZF011-E)

| Credit Union   Gulf Coast Community Federal Credit Union | Acct No. | Loan No. 7500 |
|---|---|---|

**4. SECURITY FOR LOAN** - This Agreement is secured by all property described in the "Security" section of the Truth in Lending Disclosure. Property securing other loans You have with Us also secures this loan, unless the property is a dwelling or otherwise prohibited by federal and/or state law. In addition to Your pledge of shares, We may also have what is known as a statutory lien on all individual and joint accounts You have with Us. A statutory lien means We have the right under federal and/or state law to claim an interest in Your accounts. Unless otherwise prohibited by federal and/or state law, We can enforce a statutory lien against Your shares and dividends and, if any, interest and deposits, in all individual and joint accounts You have with Us to satisfy any outstanding financial obligation that is due and payable to Us. We may exercise Our right to enforce this lien without further notice to You, to the extent permitted by law. *For all borrowers:* You pledge as security for this loan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts You have with the Credit Union now and in the future. **The statutory lien and/or Your pledge will allow Us to apply the funds in Your account(s) to what You owe when You are in default.** If a dollar amount and account number are listed in the "Security" section of the Truth in Lending Disclosure, You may not withdraw the amount that has been specifically pledged to secure this loan until the Credit Union agrees to release all or part of the pledged amount. The statutory lien and Your pledge do not apply to any Individual Retirement Account or any other account that would lose special tax treatment under state or federal law if given as security.

**5. DEFAULT** - You will be in default under this Agreement if You do not make a payment of the amount required on or before the date it is due. You will be in default if You break any promise You made in connection with this loan or if anyone is in default under any security agreement made in connection with this Agreement. You will be in default if You die, file for bankruptcy, become insolvent (that is, unable to pay Your bills and loans as they become due), or if You made any false or misleading statements in Your loan application. You will also be in default if something happens that We believe may seriously affect Your ability to repay what You owe under this Agreement or if You are in default under any other loan agreement You have with Us.

**6. ACTIONS AFTER DEFAULT** - When You are in default, We may demand immediate payment of the entire unpaid balance under this Agreement. If We demand immediate payment, You will continue to pay interest at the rate provided for in this Agreement, until what You owe has been repaid. **We will also apply against what You owe any shares and/or deposits given as security under this Agreement.** We may also exercise any other rights given by law when You are in default. **Unless You are a Covered Borrower under the Military Lending Act, You waive any right You have to receive demand for payment, notice of intent to demand immediate payment and notice of demand for immediate payment.**

**7. EACH PERSON RESPONSIBLE** - Each person who signs, or otherwise authenticates, this Agreement will be individually and jointly responsible for paying the entire amount owed under this Agreement. This means We can enforce Our rights against any one of You individually or against all of You together.

**8. LATE CHARGE** - If You are late in making a payment, You promise to pay the late charge shown in the Truth in Lending Disclosure. If no late charge is shown, You will not be charged one.

**9. DELAY IN ENFORCING RIGHTS** - We can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later. We can enforce this Agreement against Your heirs or legal representatives.

**10. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**11. NOTICES** - Notices will be sent to You at the most recent address You have given Us in writing. Notice to any one of You will be notice to all.

**12. USE OF ACCOUNT** - You promise to use Your account for consumer (personal, family or household) purposes, unless the Credit Union gives You written permission to use the account also for agricultural or commercial purposes, or to purchase real estate.

**13. NO ORAL AGREEMENTS -- THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**14. The following is required by Vermont law: NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

**15. NOTICE TO UTAH BORROWERS:** This written Agreement is the final expression of the Agreement between You and the Credit Union. This written Agreement may not be contradicted by evidence of any oral agreement.

**16. ARBITRATION - Unless you are a Covered Borrower under the Military Lending Act, and unless prohibited by law,** any controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration. You further agree that any such arbitration shall take place in Harrison County, Mississippi. Judgment upon any award rendered by the arbitrator may be entered by any court having jurisdiction thereof. The arbitrator shall determine the prevailing party, and the costs and expenses of the arbitration proceeding, including the arbitrator's fees, shall be borne by the non-prevailing party, unless otherwise required by law. No provision of this Agreement, nor the exercise of any right under this agreement, shall waive the arbitration requirement or limit the right of the Credit Union to: (1) obtain provisional or ancillary remedies, such as injunctive relief, writ of attachment, or protective order from a court having jurisdiction before, during, or after the pendency of any arbitration, (2) exercise self-help remedies, such as set-off; (3) evict, foreclose against or sell any real or personal property collateral by the exercise of a power of sale under a mortgage or other security agreement or instrument, a deed of trust, or applicable law; (4) exercise any other rights under this agreement upon the breach of any term or condition herein; or, (5) to proceed with collection of the Account through all other legal methods, including, but not limited to, proceeding in court to obtain judgment. Any and all arbitration under this contract will take place on an individual basis; class arbitrations and class actions are not permitted. **Unless you are a Covered Borrower under the Military Lending Act, and unless prohibited by law, YOU FURTHER AGREE THAT YOU ARE WAIVING THE RIGHT TO TRIAL BY JURY AND TO PARTICIPATE IN A CLASS ACTION.**

02300740-NZF01-C-1-120621 (NZF011-E)

| Credit Union   Gulf Coast Community Federal Credit Union | Acct No | Loan No. 7500 |
|---|---|---|

## SECURITY AGREEMENT

In this Security Agreement ("Agreement") all references to "Credit Union", "We", "Our" or "Us" mean the Credit Union whose name appears on this document and anyone to whom the Credit Union assigns or transfers this Agreement. All references to the "Loan" mean the loan described in the Loan Agreement that is part of this document. All references to "You" or "Your" mean any person who signs, or otherwise authenticates, this Agreement.

**1. THE SECURITY FOR THE LOAN -** You give Us what is known as a security interest in the Property described in the "Security" section of the Truth in Lending Disclosure that is part of this document ("the Property"). The security interest You give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which You buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money You receive from selling the Property or from insurance You have on the Property. If the value of the Property declines, You promise to give Us more property as security if asked to do so.

**2. WHAT THE SECURITY INTEREST COVERS/CROSS COLLATERAL PROVISIONS -** The security interest secures the Loan and any extensions, renewals or refinancings of the Loan. **Unless prohibited by applicable law, the security interest also secures any other loans, including any credit card loan, You have now or receive in the future from Us and any other amounts You owe Us for any reason now or in the future, except any loan secured by Your principal dwelling.** If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or Your principal dwelling, the Property will secure only this Loan and not other loans or amounts You owe Us.

**3. OWNERSHIP OF THE PROPERTY -** You promise that You own the Property or, if this Loan is to buy the Property, You promise You will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that You have not already told Us about. You promise not to sell or lease the Property or to use it as security for a loan with another creditor until the Loan is repaid. You promise You will allow no other security interest or lien to attach to the Property either by Your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST -** If Your state issues a title for the Property, You promise to have Our security interest shown on the title. We may have to file what is called a financing statement to protect Our security interest from the claims of others. You irrevocably authorize Us to execute (on Your behalf), if applicable, and file one or more financing, continuation or amendment statements pursuant to the Uniform Commercial Code (UCC) in a form satisfactory to Us. You promise to do whatever else We think is necessary to protect Our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, We incur in protecting Our security interest and rights in the Property, to the extent permitted by applicable law.

**5. USE OF PROPERTY -** Until the Loan has been paid off, You promise You will: (1) Use the Property carefully and keep it in good repair. (2) Obtain Our written permission before making major changes to the Property or changing the address where the Property is kept. (3) Inform Us in writing before changing Your address. (4) Allow Us to inspect the Property. (5) Promptly notify Us if the Property is damaged, stolen or abused. (6) Not use the Property for any unlawful purpose. (7) Not retitle the Property in another state without telling Us.

**6. PROPERTY INSURANCE, TAXES AND FEES -** You promise to pay all taxes and fees (like registration fees) due on the Property and to keep the Property insured against loss and damage. The amount and coverage of the property insurance must be acceptable to Us. You may provide the property insurance through a policy You already have, or through a policy You get and pay for. You promise to make the insurance policy payable to Us and to deliver the policy or proof of coverage to Us if asked to do so.

If You cancel Your insurance and get a refund, We have a right to the refund. If the Property is lost or damaged, We can use the insurance settlement to repair the Property or apply it towards what You owe. You authorize Us to endorse any draft or check which may be payable to You in order for Us to collect any refund or benefits due under Your insurance policy.

If You do not pay the taxes or fees on the Property when due or keep it insured, We may pay these obligations, but We are not required to do so. Any money We spend for taxes, fees or insurance will be added to the unpaid balance of the Loan and You will pay interest on those amounts at the same rate You agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the insurance. We may monitor Our loans for the purpose of determining whether You and other borrowers have complied with the insurance requirements of Our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to Us and (2) the cost of determining compliance with the insurance requirements. If We add amounts for taxes, fees or insurance to the unpaid balance of the Loan, We may increase Your payments to pay the amount added within the term of the insurance or term of the Loan.

**7. INSURANCE NOTICE -** If You do not purchase the required property insurance, the insurance We may purchase and charge You for will cover only Our interest in the Property. The premium for this insurance may be higher because the insurance company may have given Us the right to purchase insurance after uninsured collateral is lost or damaged. **The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.**

**8. DEFAULT -** You will be in default if You break any promise You make or fail to perform any obligation You have under this Agreement. You will also be in default under this Agreement if the Loan is in default. You will be in default if any Property You have given Us as security is repossessed by someone else, seized under a forfeiture or similar law, or if anything else happens that significantly affects the value of the Property or Our security interest in it.

**9. WHAT HAPPENS IF YOU ARE IN DEFAULT -** When You are in default, We may demand immediate payment of the outstanding balance of the Loan without giving You advance notice and take possession of the Property. You agree the Credit Union has the right to take possession of the Property without judicial process if this can be done without breach of the peace. If We ask, You promise to deliver the Property at a time and place We choose. If the Property is a motor vehicle or boat, You agree that We may obtain a key or other device necessary to unlock and operate it, when You are in default. We will not be responsible for any other property not covered by this Agreement that You leave inside the Property or that is attached to the Property. We will try to return that property to You or make it available for You to claim.

After We have possession of the Property, We can sell it and apply the money to any amounts You owe Us. We will give You notice of any public disposition or the date after which a private disposition will be held. Our expenses for taking possession of and selling the Property will be deducted from the money received from the sale. Those costs may include the cost of storing the Property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code. If You have agreed to pay the Loan, You must pay any amount that remains unpaid after the sale money has been applied to the unpaid balance of the Loan and to what You owe under this Agreement. You agree to pay interest on that amount at the same rate as the Loan until that amount has been paid.

02300740-NZF01-C-1-120621 (NZF011-E)

| Credit Union  Gulf Coast Community Federal Credit Union | Acct No. | Loan No. **7500** |
|---|---|---|

**10. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN -** We can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later. We can enforce this Agreement against Your heirs or legal representatives. If We change the terms of the Loan, You agree that this Agreement will remain in effect.

**11. CONTINUED EFFECTIVENESS -** If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**12. NOTICE FOR ARIZONA OWNERS OF PROPERTY -** It is unlawful for You to fail to return a motor vehicle that is subject to a security interest, within thirty days after You have received notice of default. The notice will be mailed to the address You gave Us. It is Your responsibility to notify Us if Your address changes. The maximum penalty for unlawful failure to return a motor vehicle is one year in prison and/or a fine of $150,000.00.

☐ *The following notice applies ONLY when the box at left is marked.*

**13. NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**14. OTHER PROVISIONS -**

---

## SIGNATURES

By signing, or otherwise authenticating, as Borrower, You agree to the terms of the Loan Agreement. If Property is described in the "Security" section of the Truth in Lending Disclosure, You also agree to the terms of the Security Agreement. If You sign, or otherwise authenticate, as "Owner of Property" You agree only to the terms of the Security Agreement.

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT**

| Borrower 1 Signature | Date |
|---|---|
| X | Apr 20, 2026 |
| | (Seal) |

AMBER G MCMILLAN

| Borrower 2 Signature | Date |
|---|---|
| X | Apr 20, 2026 |
| | (Seal) |

| Signature | Date |
|---|---|
| X | Apr 20, 2026 |
| | (Seal) |

| Signature | Date |
|---|---|
| X | Apr 20, 2026 |
| | (Seal) |

☐ Borrower 3:
☐ Owner of Property    ☐ Witness

☐ Borrower 4:
☐ Owner of Property    ☐ Witness

02300740-NZF01-C-1-120621 (NZF011-E)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

IN RE:

AMBER GABRIELLE MCMILLAN                    NO. 26-51147 KMS

## ORDER

This matter having come on for consideration upon the Motion to Approve Agreement filed on behalf of Gulf Coast Community Federal Credit Union (DK#_____ ), and the Court being fully advised in the premises and finding that the Motion to Approve Agreement is well taken and should be granted, it is therefore,

ORDERED, ADJUDGED AND DECREED that the Motion to Approve Agreement filed on behalf of Gulf Coast Community Federal Credit Union be, and the same hereby is granted, and further the automatic Stay of Section 362 of the Bankruptcy Code is hereby terminated as to Gulf Coast Community Federal Credit Union so as to allow it to set-off and apply the Debtor's secured pledge account to the Debtor's outstanding loan balance.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtor's pledged share account is abandoned as property of the estate.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order shall be immediately enforceable, and the provisions of Rule 4001(a)(3) F.R.Bkp. Pro., shall not

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029


EXHIBIT
"B"

apply to this Order.

**###END OF ORDER###**

AGREED BY:

_____
ROBERT ALAN BYRD, Attorney for
Gulf Coast Community Federal Credit Union

/S/THOMAS C. ROLLINS, JR.
Attorney for Debtor

/S/ZACHARY S. WESSLER, SR.
(Signed with Trustee's permission granted via email dated 2026.08.12)

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029